UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID C LETTIERI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES POST OFFICE and FEDERAL MEDICAL CENTER DEVENS,<br><br>Respondents. | * * * * * * * * * * | Civil Action No. 26-13311-ADB |

ORDER

BURROUGHS, D.J.

David Lettieri, who is confined at FMC Devens, has filed two pleadings, each captioned as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court DENIES the petitions.[1]

**I. Petition Against the United States Post Office**

Lettieri names the United States Post Office ("USPS") as the respondent in one of the petitions. Although his factual allegations are not entirely clear, it appears that Lettieri claims that, in March 2026, he mailed a letter to the Wyoming County Sheriff requesting a record of what the vehicles of that department were "equipped with" in 2020. Dkt. No. 1-2 at 1. Lettieri claims that if the vehicles were equipped with dashcams—as he believes they were—it "will discredit a government witness." Dkt. No. 1-1.

Lettieri does not indicate why he names the USPS as a respondent. Whatever claim he is attempting to bring against the USPS, it cannot be asserted in a habeas action. In habeas

[1] If it appears from a habeas petition that the applicant is not entitled to the writ, the court is not required to order the respondent to file a response. See 28 U.S.C. § 2241.

challenges to present confinement, the proper respondent is the petitioner's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Lettieri is not in custody of the USPS.

## II. Petition Against FMC Devens

In his petition against FMC Devens, Lettieri alleges that the Bureau of Prisons is wrongfully relying on allegedly false information in the presentence investigation report ("PSR") in United States v. Lettieri, Crim. No. 21-cr-00020 (W.D.N.Y.). Dkt. No. 1. Lettieri represents that the Bureau of Prisons told him that he must petition the court to challenge information in the PSR. Dkt. No. 2 at 1. Lettieri asks this Court to "have the false information taken out of the presentence report." Dkt. No. 1 at 7.

The PSR report relied on by the sentencing court is a court document that cannot be changed except upon order of the sentencing court. Even then, the jurisdiction of the sentencing court to alter the PSR is limited. See, e.g., United States v. Decker, No. 24-11466, 2025 WL 1452601, at *1 (11th Cir. 2025) (per curiam) (where defendant was not seeking a reduction in sentence or challenging his sentence through a motion under 28 U.S.C. § 2255, the sentencing court lacked jurisdiction to hear a post judgment motion to correct allegedly erroneous information in the defendant's PSR).

## III. Conclusion

In accordance with the foregoing, the Court DENIES Lettieri's petitions for habeas relief and DISMISSES this action.

IT IS SO ORDERED.

August 20, 2026

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE